UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARGARITO SERRANO-LOPEZ, et al., | Case No. 2:14-CV-871 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| KERT LEE BEYNON, et al., | |
| Defendant(s). | |

Presently before the court are Magistrate Judge Foley's report and recommendation. (Doc. # 44). Plaintiffs have not filed an objection and the deadline to do so has passed.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no

**James C. Mahan**
**U.S. District Judge**

objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge. This matter arises out of a May 15, 2012, motor vehicle accident. Plaintiffs allege that while plaintiff Serrano-Lopez was operating a vehicle with two passengers in the car – plaintiffs Perez-Rodriguez and Pena-Loza – a Wal-Mart tractor trailer driven by defendant Kert Benyon rear ended them. (Doc. # 1-1 at 6-7 ¶¶ 13-17). (Doc. # 25).

On February 22, 2013, plaintiffs filed a complaint in state court. Though plaintiffs' complaint was prepared by an attorney, it is difficult to follow. Under the "first cause of action," plaintiffs allege negligence; negligence per se; negligent entrustment; vicarious liability through the operation of NRS § 41.440; and respondeat superior. (Doc. # 1-1; doc. # 21 at 2-3). Under the "second cause of action," plaintiffs allege negligent hiring, training, and supervision. (Doc. # 1-1; doc. # 21 at 2-3). Plaintiffs claim general and special damages, attorneys' fees and costs, but no punitive damages. (Doc. # 1-1 at 9-10 ¶¶ 1-6). Defendants removed this case on June 4, 2014. (Doc. # 1).

Plaintiffs have since terminated their attorneys. All three plaintiffs are proceeding *pro se*. On January 30, 2015, defendants filed a motion for sanctions against plaintiffs for failure to attend their depositions. (Doc. # 32). Defendants also filed a motion for sanctions against plaintiffs for failure to respond to written discovery. (Doc. # 34). Plaintiffs have not participated in this lawsuit in any way and have been nonresponsive to this court's orders since their attorneys moved to withdraw from all representation on October 21, 2014. (Doc. # 23). All mail delivered to the plaintiffs since that date has been returned as undeliverable.

Defendants move for sanctions under Federal Rule of Civil Procedure 37, which permits the court to impose sanctions on a party who fails to comply with the rules of discovery. Magistrate Judge Foley recommends that defendants' motions for sanctions against plaintiffs for failure to attend their depositions (doc. # 32) and for failure to respond to written discovery (doc. # 34) be

**James C. Mahan**
**U.S. District Judge**

- 2 -

granted. Magistrate Judge Foley further recommends that plaintiff's complaint (doc. # 1-1) be dismissed with prejudice.

Upon reviewing the recommendation and underlying briefs, and in light of plaintiff's failure to object, this court finds good cause appears to ADOPT the magistrate's findings in full.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Foley's report and recommendation (doc. # 44) be ADOPTED in full.

IT IS FURTHER ORDERED that defendants' motions for sanctions (docs. ## 32, 34) be GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint (doc. # 1-1) be DISMISSED with prejudice. The clerk is instructed to close the case.

DATED April 1, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**